```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

KIMBERLY GRIDER,                :       NO. 1:11-CV-00697
                                :
    Plaintiff,             :
                                :
  v.                            :       **OPINION AND ORDER**
                                :
COBASYS LLC, et al.,            :
                                :
    Defendants.            :

This matter is before the Court on Defendant's Motion for Summary Judgment (doc. 26), which is unopposed. For the reasons indicated herein, the Court GRANTS Defendants' Motion, and DISMISSES this matter from the Court's docket.

**I. Background**

Plaintiff, an African-American who has worked for Defendant Cobasys for more than a decade, received a three-day disciplinary suspension in June 2010, for damaging a $200 calibrated wrench and for failing to follow work instructions (doc. 26). Ultimately after grieving the suspension, Plaintiff was paid for about one-half of the unpaid suspension, and under the collective bargaining agreement, the suspension ceased to serve as the basis of further disciplinary action by June 2011 (Id.).

Defendants removed Plaintiff's Complaint from state court in October 2011 (doc. 2). In her Complaint, Plaintiff alleges the

wrench was not damaged, and that she was blamed for performance issues for which other similarly situated white and/or male employees were not blamed (Id.). She also asserts she was demeaned when the operations manager repeatedly conducted a test to show that a wrench would not be thrown out of torque simply by falling off a pallet (Id.). She alleges she was impeded from conducting an investigation in to the charges against her, when she was barred from photocopying company documents (Id.). Plaintiff alleges that although she was notified that she had worked unauthorized overtime, she had been informed by co-workers that she could work overtime, which was consistent with standard practice (Id.).

Plaintiff alleges Defendants actions amount to 1) intentional infliction of emotional distress, 2) race and sex discrimination under Ohio law, and 3) federal and state law claims for discrimination and hostile work environment. (Id.). She seeks compensatory and punitive damages, attorney's fees, and costs (Id.).

Defendants filed the instant motion for summary judgment on August 31, 2012 (doc. 26), to which no timely response by Plaintiff was filed. Instead, although the Court had granted previous extensions for discovery, which were not used by Plaintiff's counsel, such counsel requested yet more time to respond, which the Court denied (doc. 29). As such, Defendants' motion remains completely unopposed.

## II. Applicable Legal Standard

Although a grant of summary judgment is not a substitute for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992) (per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252 (1986) (internal quotation marks omitted).

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and the non-movant are well settled. First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes

3

demonstrate the absence of a genuine issue of material fact [.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex, 477 U.S. at 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). As the "requirement [of the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-248 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on

4

which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-340 (6th Cir. 1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989) (internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the

5

motion.  See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute.  See Matsushita, 475 U.S. at 587.  The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate.  See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-455 (6th Cir. 1991).

**III. Analysis**

Due to the lack of any response by Plaintiff, there is no probative evidence in support of her claims.  At the summary judgment stage, the Court clearly cannot rely on the bare allegations of her Complaint, but requires that non-movant, after the completion of discovery, to submit evidence in support of the material elements of her claims.  Celotex, 477 U.S. at 317.  Plaintiff here has not met her burden.

Defendants' motion establishes that it sent the torque wrench Plaintiff allegedly misused for independent testing, which showed that such wrench was out of tolerance (doc. 26).  This fact, combined with the report of a co-worker that Plaintiff threw the wrench, supported the suspension levied against Plaintiff (Id.).  Defendant further proffers evidence that its policy is that no employee can work overtime without a supervisor's authorization, and that after Plaintiff took overtime without such authorization,

she was warned but not penalized (Id). Defendants further proffer evidence that Plaintiff made inappropriate racial remarks to another African-American employee (Id.).

Defendants contend Plaintiff's claims for race and sex discrimination fail as a matter of law, are untimely, and are unsupported by direct or indirect evidence (Id.). Defendants contend Plaintiff's suspension was not discriminatory, but based on the legitimate justification and honest belief that she damaged her wrench by throwing it, and that she caused production deficiencies due to carelessness (Id.). Defendants offer evidence that Plaintiff initialed specific packs that displayed production deficiencies (Id.). The Court agrees that Plaintiff has failed to show that such reasons have no basis in fact.

Defendants further contend Plaintiff's claim for a hostile work environment fails as a matter of law (Id.). The Court agrees with Defendants that the harassment about which Plaintiff has complained is neither severe or pervasive nor linked to her race or gender. Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993).

A retaliation claim requires Plaintiff to prove 1) she engaged in protected activity, 2) Defendant knew she engaged in protected activity, 3) Defendant took adverse employment action against Plaintiff, and 4) the adverse action was causally linked to the protected activity. Campbell v. Norfolk Southern Corp., No.

7

1:09-CV-2968, 2012 U.S. Dist. LEXIS 86728 (N.D. Ohio, June 22, 2012). Defendants argue Plaintiff has no retailation charge because her suspension occurred prior to her having filed any charges with the Equal Employment Opportunity Commission (Id.). The evidence further shows Plaintiff's work assignments depended on production demands, and that she was not the only employee instructed about unauthorized overtime and told not to copy company documents. The Court finds no basis for a claim of retaliation, as there is no evidence of any causal link of protected activity to her suspension, and none of her other complaints amount to adverse employment actions. Regan v. Faurecia Automotive Seating, Inc., 679 F.3d 475, 481 (6th Cir. 2012).

Defendant next argues Plaintiff's claim for intentional infliction of emotional distress fails as a matter of law (doc. 26). To state such a claim, Plaintiff must prove Defendant engaged in extreme and outrageous conduct that intentionally or recklessly caused Plaintiff severe emotional distress. Yeager v. Local Union 20, 6 Ohio St. 3d 369, 374, 453 N.E.2d 666, 671 (1983). Defendants contend the suspension they imposed was not extreme and outrageous, and in any event, cannot be proven to have caused emotional distress, because Plaintiff had numerous non-work factors that contributed to her distress (Id.).

Although the Court sympathizes with Plaintiff, who found the repeated drop-testing of the wrench in front of co-workers

8

demeaning, such conduct does not rise to the requisite level of extreme and outrageous under the law.  The Court finds Defendants' position well-taken that Plaintiff's claim under such theory fails as a matter of law.

Finally, Defendants contend the claims against individual Defendants fail because individuals cannot be held liable under Title VII (doc. 26, <u>citing</u> <u>Wathen v. General Electric Co.</u>, 115 F.3d 400, 404-05 n.6 (6th Cir. 1997)).  Moreover, such claims under Ohio law fail, contend Defendants, because Plaintiff has no evidence that the named individuals made any race or sex-based comments, and the actions of the individuals in this matter simply do not amount to violations of the law.  The Court agrees.

Having reviewed this matter, the Court finds Defendants' Motion for Summary Judgment well-taken.  Plaintiff filed no response and proffered no evidence in support of her claims. Defendants have proffered evidence showing they had an honest belief for their actions, which a reasonable jury would find has a legitimate basis in fact.  Accordingly the Court GRANTS Defendant's Motion for Summary Judgment (doc. 26), and DISMISSES this matter from the Court's docket.

SO ORDERED.

Dated: October 24, 2012     <u>s/S. Arthur Spiegel</u>
                                        S. Arthur Spiegel
                                        United States Senior District Judge